## Smith vs. Terrill.

### ERROR TO LINCOLN CIRCUIT.

1. By the 1st section of the act of 1839, (3 *Statute Law*, 46,) attachments could issue upon the grounds in that act specified, to all sheriffs and constables in the commonwealth, any of whom could levy it upon any slaves, goods and chattels of the defendant

wherever found; which was returnable before the justice who issued it, or some other justice, not confining the return to a justice of the county from which it issued, unless the debt or demands exceed $50, in which case the attachment must be returned to the circuit court of the county from which it issued.

2. Any justice of the peace of a county where property is seized under attachment to satisfy a demand under $50 may receive the return and try the attachment.

Chief Justice HISE delivered the opinion of the court.

December 16.

Question stated.

The only question to be decided in this case is, whether an attachment, where the debt is *fifty dollars and under*, may be executed, returned, and tried, in any county in the state in which the property of the defendant may be found and seized; in other words, whether an attachment may be issued by a justice in one county and executed and returned and tried in another county in the state, where the debt is not over $50 in amount.

By the act of 1804, (1 *Statute Law*, 163,) where the debt *did not exceed five pounds*, an attachment, *for the cause specified* therein, might be issued, directed to any sheriff or constable of the *commonwealth*, levied in any county in the state, and be returned and tried before any justice in the county, where the property of the defendant was taken. Afterwards, by the act of 1839, which was designed to condense and embody in one act all the previous acts upon the subject of common law attachments, the jurisdiction of justices over these attachments was extended, so as to authorize their return before them in all cases where the debt did not exceed $50 in amount, whereas previously, if the debt was over five pounds, they were made returnable first before the court of quarter sessions, and afterwards to the courts which received its jurisdiction.

By the 1st section of this act of 1839, (3 *Statute Law*, 46,) where the debt is not over fifty dollars in value or amount, an attachment, for the causes mentioned therein, may be directed to "all *constables* and *sheriffs* in the *commonwealth* of Kentucky," any of whom, in whatever county it may be, as believed by this court, may "*serve* and *levy* the same upon the slaves, goods, or chattels of the defendant, *wherever*

1. By the 1st section of the act of 1839, (3 *Stat. Law,* 46,) attachments could issue upon the grounds in that act specified, to all sheriffs and constables in the commonwealth, any

SMITH
vs.
TERRILL.

of whom could levy it upon any slaves, goods and chattels of the defendant, wherever found; which was returnable before the justice who issued it, or some other justice, not confining the return to a justice of the county from which it issued, unless the debt or demand exceed $50, in which case the attachment must be returned to the circuit court of the county from which it issued.

2. Any justice of the peace of a county where property is seized under attachment to satisfy a demand under $50 may receive the return and try the attachment.

*the same shall be found.*" Such attachment is returnable before the justice who issued it, or before some other justice, and it is not required by the act that the justice before whom the attachment is returned shall reside in the county in which it issued, where the debt is not over $50. But if the debt exceeds $50 dollars in amount, then the act in express terms directs and restricts the return of the attachment to the circuit court of the county in which it was *issued.* Therefore, because the restriction in the same section of the same statute, in respect to the county in which, and the court before which, attachments for debts over $50 shall be returned, does not apply to attachments where the debts do not exceed $50; and as such attachments may be directed to any sheriff or constable in any county in the state, and the defendants property, by virtue thereof, may be seized any where in the state, the attachment in question, for a debt under $50, although issued in Garrard county, was lawfully executed and returned before a justice in Lincoln county, where the property of the defendants was seized, and the justice in Lincoln had complete jurisdiction to give judgment for the debt, and to direct the sale of the attached effects; and an appeal would lie from the judgment of such justice to the circuit court of the county of Lincoln.

Wherefore, because the circuit court erred in quashing the attachment and dismissing the appeal, the judgment is reversed, and cause remanded, that the court below may render a judgment on the verdict.

PRESTON for plaintiff; FOX and BELL for defendants.